Emma HAYRAPETYAN; Alla
Asatrian; Levon Asatrian,
Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–73393.
Agency Nos. A75–710–533, A77–217–560, A77–217–559.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David Dauenheimer, Richard M. Evans, U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM**

Emma Hayrapetyan, a native of Azerbaijan and citizen of Armenia, and her husband, Levon Asatrian, and daughter, Alla Asatrian, who both are natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' (BIA) denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture.[1] We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc); *see also Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir.2004). And the claimed persecution must be on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42)(A); *Fisher*, 79 F.3d at 962. The withholding standard is more stringent. *Ghaly*, 58 F.3d at 1428–29.

Here, the harassing events spelled out in the record are not so compelling as to require a reasonable factfinder to find past or fear of future persecution. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995). Moreover, Hayrapetyan's choice and ability to continue living alone in Armenia for almost one year after the last incident emphasizes that the harm suffered by her and her family did not rise to the level of persecution. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). As Hayrapetyan, her husband and her daughter's claims did not meet the requirements for eligibility for asylum, they are not entitled to withholding of deportation either. *See Ghaly*, 58 F.3d at 1429; *see also de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997).

Nor did the BIA or IJ err when they determined that Hayrapetyan, her husband and her daughter were not entitled to relief under the Convention Against Torture. On the information in this record, we cannot say that Hayrapetyan, her husband and her daughter have demonstrated that it is more likely than not that they would be tortured if returned to Armenia. *See* 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1282–84 (9th Cir.2001).

Petition DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, U.N. Doc. A/RES/39/46 (1984).